UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALAN ANDREW REDDISH, individually,     :
                              :

          Plaintiff,                 :
                              :

v.                                   :     Case No. 1:14-cv-22410
                              :

TACO SHOPS INC., a Florida for         :
profit corporation,                 :
                              :

          Defendant.
_____/

## COMPLAINT
(Injunctive Relief Sought)

         Plaintiff, ALAN ANDREW REDDISH, individually, individually on his behalf and on behalf of all other individuals similarly situated, hereby files his Complaint against Defendant, TACO SHOPS INC., a Florida for profit corporation, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessibility Code ("FAC").

1.     Defendant's property, 831 W. 49th Street, Hialeah, FL 33012 is located in the county of Miami-Dade.

2.     Venue is properly located in the SOUTHERN DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4.   Plaintiff ALAN ANDREW REDDISH is a 43 year old man, married for the past 14 years, who is a life long Florida resident, and lives in south Florida, is sui juris, and qualifies as an individual with a disability as defined by the ADA. Mr. Reddish has severe Parkinson's disease that was initially mis-diagnosed for the first 3 years that he suffered from the disease, and is bound to ambulate in a scooter. Mr. Reddish, who does drive, has visited the property which forms the basis of the above-styled action and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. Plaintiff is deterred from, and are denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

5.   Defendant TACO SHOPS INC., is owner and operator of  Taco Shop Mexican Grill restaurant, 831 W. 49th Street, Hialeah, FL 33012, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a).

6.   TACO SHOPS INC., as the owner and operator of  Taco Shop Mexican Grill restaurant, 831 W. 49th Street, Hialeah, FL 33012 is responsible for complying with the obligations of the ADA.

2

7    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Taco Shop Mexican Grill restaurant, 831 W. 49th Street, Hialeah, FL 33012 has shown that barriers to access exist. These violations include, but are not limited to:

i.   The entrance door swings out into the clear ground maneuvering space at the level landing in front of the entrance door;

ii.   The service counter does not comply with the Accessibility Standards;

iii.   The maneuvering clear floor space in the Men's restroom does not comply with the Accessibility Standards;

iv.   The maneuvering clear floor space at the lavatory does not comply with the Accessibility Standards;

v.   The lavatory cannot be accessed;

vi.   The lavatory pipes do not comply with the Accessibility Standards;

vii.   The mounted soap dispenser cannot be accessed;

viii.   The mounted hand dryer cannot be accessed;

ix.   The maneuvering clear floor space at the water closet does not comply with the Accessibility Standards;

x.   The position of the mounted water closet does not comply with the Accessibility Standards;

xi.   The water closet cannot be accessed;

xii.   The mounted mirror does not comply with the Accessibility Standards; and

3

xiii. Defendant fails to maintain its accessible features and fails to adhere to a policy, practice and procedure to ensure that its their goods, services and facilities are accessible to people with disabilities.

8. Plaintiff is a frequent visitor of the area where Defendant's Mexican grill restaurant is located. Plaintiff visited the property which forms the basis of the above-styled action. He plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against him on the basis of his disability.

9. The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

10. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

11. The violations present at Defendant's facility infringe Plaintiffs right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless he is willing to endure

4

additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

12. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

13. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Defendant's place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are

5

necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and are entitled to recover fair and reasonable attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.   Defendant is required to remove the existing architectural barriers to people with disabilities when such removal is readily achievable for Defendant's place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.   Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

6

and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

7

c.   An award of reasonable and fair attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

By: Stephan M. Nitz

Stephan M. Nitz

Florida Bar No.: 0045561

Stephan M. Nitz, P.A.

4302 Hollywood Blvd. - #1010

Hollywood, FL 33021

Telephone: 954-364-7734

E-Fax: 954-374-7051

snitzadalaw@gmail.com

Attorney for Plaintiff Alan Andrew Reddish

8